1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

SUSAN TRAN, MARY BROOKS,
ADRIENNE BANKS and JAMES
ROLSTAD, on behalf of himself, and on
behalf of all persons similarly situated,

                                        Plaintiffs,

        vs.

SAN DIEGO COUNTY SUPERIOR COURT
and DOES 1 through 50, inclusive

                                        Defendants.

CASE NO. 07cv1683 IEG (JMA)

**ORDER GRANTING DEFENDANT
SAN DIEGO COUNTY SUPERIOR
COURT'S MOTION TO DISMISS**

[Doc. Nos. 12, 15, 17]

        Presently before the Court is Defendant's motion to dismiss Plaintiff's complaint.  For the following reasons, the Court GRANTS the motion.

## BACKGROUND

**A.      Factual Background**

        This is a wage and hour collective action brought by Plaintiffs, the San Diego County Court Employees Association ("SDCCEA") and four of its members, against Defendant, the San Diego County Superior Court ("Superior Court").[1]  Plaintiffs allege Defendant failed to pay overtime compensation and compensatory time-off in violation of the Fair Labor Standards Act ("FLSA").

_____

[1] Defendant asserts that its official name is the "Superior Court of California, County of San Diego."

1  Plaintiffs also allege a breach of a written contract (the "MOA") between the Superior Court and the

2  SDCCEA based on these violations.

3  **B.      Procedural Background**

4       On August 24, 2007, Plaintiffs filed the present suit.  (Doc. No. 1.)  On October 9, 2007,

5  Defendant filed a motion to dismiss, arguing the Eleventh Amendment bars this action.  (Doc. No. 12.)

6  Plaintiff filed an opposition on November 5, 2007.  (Doc. No. 15.)  Defendant filed a reply on

7  November 9, 2007.  (Doc. No. 17.)  The Court held oral argument on November 19, 2007.

8                                    <u>LEGAL STANDARD</u>

9       A motion to dismiss pursuant to Fed. R. Civ. Pro. 12(b)(6) tests the legal sufficiency of the

10  claims asserted in the complaint.  Fed. R. Civ. Proc. 12(b)(6); <u>Navarro v. Block</u>, 250 F.3d 729, 731

11  (9th Cir. 2001).  To survive a Rule 12(b)(6) motion, a complaint generally must satisfy only the

12  minimal notice pleading requirements of Fed. R. Civ. Pro. 8(a)(2).[2]  <u>Porter v. Jones</u>, 319 F.3d 483, 494

13  (9th Cir. 2003).  A court may dismiss a complaint for failure to state a claim when "it appears beyond

14  doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to

15  relief."  <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957); <u>Navarro</u>, 250 F.3d at 732 (citing <u>Conley</u>); <u>see</u>

16  <u>also</u> <u>Haddock v. Board of Dental Examiners</u>, 777 F.2d 462, 464 (9th Cir.1985) (a court should not

17  dismiss a complaint if it states a claim under any legal theory, even if plaintiff erroneously relies on

18  a different theory).  In other words, a Rule 12(b)(6) dismissal is proper only where there is either a

19  "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal

20  theory."  <u>Balistreri v. Pacifica Police Dept.</u>, 901 F.2d 696, 699 (9th Cir. 1988).

21       In deciding a motion to dismiss for failure to state a claim, the court's review is limited to the

22  contents of the complaint.  <u>Campanelli v. Bockrath</u>, 100 F.3d 1476, 1479 (9th Cir. 1996); <u>Allarcom</u>

23  <u>Pay Television, Ltd. v. General Instrument Corp.</u>, 69 F.3d 381, 385 (9th Cir. 1995).  The court must

24  accept all factual allegations pled in the complaint as true, and must construe them and draw all

25  reasonable inferences from them in favor of the nonmoving party.  <u>Cahill v. Liberty Mutual Ins. Co.</u>,

26  80 F.3d 336, 337-38 (9th Cir.1996); <u>Mier v. Owens</u>, 57 F.3d 747, 750 (9th Cir.1995) (citing <u>Usher v.</u>

27

28       [2]Rule 8(a)(2) requires only that the complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

1    City of Los Angeles, 828 F.2d 556, 561 (9th Cir.1987).  In spite of the deference the court is bound

2    to pay to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can

3    prove facts which [he or she] has not alleged."  Associated General Contractors of California, Inc. v.

4    California State Council of Carpenters, 459 U.S. 519, 526 (1983).  Furthermore, a court is not required

5    to credit conclusory legal allegations cast in the form of factual allegations, unwarranted deductions

6    of fact, or unreasonable inferences.  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.

7    2001); Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir.1981).

8         A court may dismiss a complaint without granting leave to amend only if it appears with

9    certainty that the plaintiff cannot state a claim and any amendment would be futile.  See Fed. R. Civ.

10   P. 15(a) (leave to amend "shall be freely given when justice so requires"); DeSoto v. Yellow Freight

11   Systems, Inc., 957 F.2d 655, 658 (9th Cir.1992); Albrecht v. Lund, 845 F.2d 193, 195 (9th Cir. 1988);

12   Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986) ("leave to

13   amend should be granted unless the court determines that the allegation of other facts consistent with

14   the challenged pleading could not possibly cure the deficiency").

15                                    **DISCUSSION**

16   **A.      Does the Eleventh Amendment bar this suit against the Superior Court?**

17        The Defendant's argument is straight forward: because the Ninth Circuit has expressly held

18   that the Superior Court is a state agency entitled to the Eleventh Amendment immunity and because

19   the United States Supreme Court has expressly held that Eleventh Amendment immunity is not

20   abrogated by the FLSA (i.e.  FLSA claims are barred by the Eleventh Amendment), the Plaintiffs'

21   lawsuit must fail for lack of jurisdiction.  Defendant notes that since these decisions, statutory

22   enactments have made it even clearer that the California courts are established as a state system and

23   therefore entitled to Eleventh Amendment immunity.  For instance, in 1997, the Trial Court Facilities

24   Act (TCFA) shifted responsibility for the funding of all trial court operations to the state.  Cal. Gov't

25   Code § 77000 et. seq.  In addition, the Trial Court Facilities Act of 2002 provides for the transfer of

26   trial court facilities from the counties to the state.  Cal. Gov't Code § 70301 et seq.

27        Plaintiffs counter that despite decisions which have found the Superior Court is entitled to

28   Eleventh Amendment immunity, their claim should be salvaged based on recent changes in California

law.  Specifically, Plaintiffs rely on a recent act of the Legislature which specifies that employees paid from the trial court budget and for which the trial court has the authority to hire, supervise, discipline, and terminate, are "trial court employees."  Cal. Gov't Code § 71601(1)-(m).  Plaintiffs say this act, the Trial Court Employees Protection and Governance Act ("TCEPGA"), casts doubt as to the applicability of prior decisions extending Eleventh Amendment immunity to the Superior Court because the change makes clear that Superior Court does not employ "state" employees.  Plaintiffs argue that an employer that employs non-state employees is not "the state" for Eleventh Amendment purposes.  Instead, Plaintiffs contend that the Superior Court is more properly categorized as an "other governmental entity"—the type of lesser entity which the Supreme Court has said is not entitled to Eleventh Amendment immunity.  Plaintiffs also draw support for their argument from the civil liability statutes concerning judicial employees.  Plaintiffs note that these statues distinguish between judges and subordinate judicial officers, who are "state officers," as opposed to trial court employees which are labeled "employees of the trial court."  See Cal. Gov't Code § 8119.9(a).  Finally, Plaintiffs direct the court to the California Tort Claims Act ("the CTCA") which specifically authorizes suit against judicial branch entities and excludes judicial branch entities from the definition of state agency.  See Cal. Gov't Code § 900.3 ("A 'judicial branch entity' is a public entity and means any superior court . . ."); Cal. Gov't Code § 945 ("A public entity may sue and be sued."); Cal. Gov't Code § 935.6 ("State agency . . . does not mean any judicial branch entity . . . .").  Plaintiffs argue that this delineation makes clear that a judgment against the Superior Court would not be payable and satisfied out of state funds, meaning the state is not the real party in interest.

In the alternative, Plaintiffs argue that the Superior Court has waived Eleventh Amendment immunity because the Superior Court's employment agreement with Plaintiffs states that the agreement is subject to federal law and because the agreement specifically references the FLSA.

**i.    Analysis**

**1.    Is the Superior Court entitled to immunity under the Eleventh Amendment**

The Eleventh Amendment to the United States Constitution provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens

- 4 -

1                 or Subjects of any Foreign State.

2 U.S. Const. amend. XI.  Under the Eleventh Amendment, federal courts have no jurisdiction over

3 federal or state law claims against a state or state agency unless Eleventh Amendment immunity has

4 been either (1) abrogated by Congress pursuant to proper constitutional authority or (2) expressly

5 waived by the state.  See Seminole Tribe of Florida v. Florida, 517 U.S. 44, 59 (1996).  The State need

6 not be named as a party to an action to invoke the immunity: the Amendment bars a suit against

7 officials or entities where the state "is the real, substantial party in interest."  Bair v. Krug, 853 F.2d

8 672, 674 (9th Cir. 1988).  Importantly, the Eleventh Amendment does not bar suit against lesser

9 entities, such as "a municipal corporation or other governmental entity which is not an arm of the

10 State."  Alden v. Maine, 527 U.S. 706, 756 (1999) (emphasis added).

11       The Ninth Circuit Court of Appeals has explicitly held that the California Superior Court is

12 a state entity for purposes of Eleventh Amendment immunity.  See Greater Los Angeles Council on

13 Deafness, Inc. v. Zolin, 812 F.2d 1103, 1110 (9th Cir. 1987) ("[A] suit against the Superior Court is

14 a suit against the State, barred by the eleventh amendment").  Further the Supreme Court has

15 explained that the FLSA does not waive the State's sovereign immunity.  See Alden v. Main, 527 U.S.

16 706 (1999); see also Quillen v. State of Oregon, 127 F.3d 1136 (9th Cir. 1997).

17       Plaintiffs fail to explain why the recent change in classification for Superior Court employee's

18 from "county" to "court" or any other provisions of the TCEPGA in any way changes the applicability

19 of the prior case law declaring the Superior Court entitled to Eleventh Amendment immunity.  Where

20 the Superior Court was entitled to immunity as a state entity when its employees were labeled as

21 "county" employees, it is unpersuasive to argue the Superior Court has any less right to that same

22 immunity where its employees are now considered "court" employees.  Indeed, this Court finds the

23 issue of employee classification irrelevant to the issue of whether the Superior Court itself is a

24 immune from a suit alleging violations of the FLSA.  Several cases have already declared the Superior

25 Court a state entity entitled to immunity in other contexts and those cases did not examine the

26 classification of employees, but rather focused on the fact that the Superior Court derives its power

27 from the state.  See Zolin, 812 F.2d at 1110 ("[T]he court derives its power from the state and is

28 ultimately regulated by the State.").  While noting that none of these previous decisions examined an

1   immunity claim in the FLSA context, Plaintiffs do not explain how the Superior Court can be a state

2   entity (entitled to Eleventh Amendment protection) in previous cases but not in the present

3   controversy.

4        Finally, the language quoted from the CTCA, does not compel a contrary finding.  Despite

5   Plaintiffs' claim that the provisions of the CTCA indicate that a judgment against the Superior Court

6   would not be payable out of state funds, Plaintiffs neglect the explicit provisions in the statue

7   providing for the indemnification of judges, judicial officers, and trial court employees by the Judicial

8   Counsel—the policymaking body of the state courts.  Cal. Gov't Code § 811.9(a) ("The Judicial

9   Council shall provide representation, defense, and. indemnification of . . . the court . . . .")  This

10  provision makes clear that money for the satisfaction of a judgment against the Superior Court would

11  come from the state.

12              **2.       Has the Superior Court waived its immunity?**

13       In the alternative, Plaintiffs advance an argument that the Superior Court has waived any

14  potential Eleventh Amendment immunity.  Plaintiffs waiver claim is based on the MOA's statement

15  that it is subject to "applicable Federal, State, and local laws or regulations" as well as the reference

16  to the FLSA in section 5 of the agreement:

17              The standard work periods shall be as follows:

18              1.      For FLSA-covered classes, the standard work period is
19                      7 consecutive days within which is included 2
                        consecutive days of rest . . .

20              2.      For FLSA-exempt classes, the standard work period is
21                      14 consecutive days within which is included 4 days of
                        rest . . . .
    MOA Art. 5, § 2
22
23       "The test for determining whether a State has waived its immunity from federal-court jurisdiction

24  is a stringent one."  Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 241 (1985).  Any waiver effected

25  by a state must be "unequivocally expressed."  Edelman v. Jordan, 415 U.S. 651, 673 (1974).  The

26  Supreme Court has stated that it will "find waiver only where stated by the most express language or

27  by such overwhelming implications from the text as will leave no room for any other reasonable

28  construction."  Florida Dep't of Health v. Florida Nursing Home Ass'n, 450 U.S. 147, 150 (1981)

    (internal quotations omitted).

1    In <u>Florida Dep't of Health</u>, a group of Florida nursing homes sued the Florida Department of

2  Health, Education and Welfare to obtain retroactive underpayments for services the nursing homes

3  provided to the state.   The nursing homes argued that the Department had waived its Eleventh

4  Amendment immunity because it "agreed to recognize and abide by all State and Federal Laws,

5  Regulations, and Guidelines applicable to participation and   administration of . . . the Medicaid

6  Program." <u>Id.</u> (internal citation omitted).  The Supreme Court disagreed, noting that such an agreement

7  stated merely customary conditions for any participation in a federal program.  The Court noted that its

8  previous decision in <u>Edelman</u> had already established that neither such participation itself, nor a

9  concomitant agreement to obey federal law is sufficient to waive the protection of the Eleventh

10 Amendment. <u>Id.</u> at 150.

11    Plaintiffs have failed to distinguish this decision, which involved similar language.  Further, they

12 have not cited a single analogous case helpful to their claim that the reference to federal law and the

13 FLSA in the MOA serves to waive Eleventh Amendment immunity.

## CONCLUSION

15    Based on the foregoing, the Court GRANTS Defendant's motion to dismiss.

18 **DATED:  December 3, 2007**

**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**